LINDA WILLIAMSON et al., Plaintiffs-Appellants, v. EUGENE DOYLE, Mayor of Northlake, et al., Defendants-Appellees.

First District (1st Division)    No. 82—1000

Opinion filed January 17, 1983.—Rehearing denied February 22, 1983.

Thomas S. Moore, of Chicago (McCarthy, Duffy, Neidhart & Snakard, of counsel), for appellants.

Serpico, Novelle, Dvorak & Navigato, Ltd., of Chicago (Robert A. Novelle and Vincent F. DiPiero, of counsel), for appellees.

JUSTICE GOLDBERG delivered the opinion of the court:

Linda Williamson, Dana Kiesling, James Wagner, and Leroy Kilb (plaintiffs) brought this class action on behalf of themselves and all others similarly situated against Eugene Doyle, mayor of Northlake, the city council of Northlake, the city of Northlake, Commonwealth Edison Company, Northern Illinois Gas Company, and Illinois Bell Telephone Company (defendants). The first seven counts of the complaint allege various wrongful practices of the city of Northlake, its city council and its mayor. Counts VIII and IX have reference to council meetings of May 2, 1981, and June 9, 1981, respectively. By amendment, a 10th count was added on August 3, 1981, with reference to the council meeting of July 9, 1981. The trial court granted the plaintiffs' request to certify the class. The trial court also ordered all funds

collected from the assailed tax were to be retained at interest until further order of the court. The trial court granted defendants' motion for summary judgment with respect to counts VIII, IX and X and denied plaintiffs' petition for attorney fees. Plaintiffs appeal.

In this court plaintiffs contend the trial court should not have proceeded to hear the motion of defendants for summary judgment because discovery had not been completed; the trial court had inherent authority to void the ordinance because of violations of Illinois law; subsequent amendments to the Illinois Act on open meetings were remedial and were therefore available to plaintiffs; attorneys for plaintiffs should be granted fees and the city of Northlake has denied plaintiffs due process of law.

I

The ordinance (referred to as No. 0—8—81) for a five percent tax on gross receipts of defendants' utilities was passed at a regular council meeting on May 12, 1981. The vote on the ordinance was four aldermen in favor, three against, and one abstention. "Many hundreds of citizens" were present at the meeting.

At a meeting of the council sitting as a committee of the whole, on June 2, 1981, one alderman suggested that rescission of this ordinance be considered at the regular city council meeting on June 9, 1981. This ordinance for rescission (No. 0—11—81) was defeated. Plaintiffs' complaint was filed on June 26, 1981.

At the committee of the whole meeting of July 7, 1981, the attorney for the city of Northlake suggested that the utility tax ordinance be reconsidered due to the possibility of defects in the procedure of passage. It was suggested the ordinance be "repassed" at either a regular or a special council meeting.

The special meeting of the Northlake city council was held on July 9, 1981, at 7:30 p.m. All aldermen and less than a dozen citizens were present. The council voted five to four in favor of the rescission ordinance. The council also effectively repassed the utility tax ordinance of May 12, 1981, numbered as 0—12—81. The ordinance adopted May 12, 1981 (No. 0—8—81), is identical to this later ordinance adopted July 9, 1981 (No. 0—12—81).

The pertinent statute here, section 2.02(a) of the Open Meetings Act (Ill. Rev. Stat. 1979, ch. 102, par. 42.02(a)), provides for public notice of any special meeting "at least 24 hours before such meeting." The statute also provides (Ill. Rev. Stat. 1979, ch. 102, par. 42.02(b)):

> "Public notice shall be given by posting a copy of the notice at the principal office of the body holding the meeting or, if no

such office exists, at the building in which the meeting is to be held. The body shall supply copies of the notice of its regular meetings, and of the notice of any special, rescheduled or reconvened meeting, to any local newspaper of general circulation or any local radio or television station that has filed an annual request for such notice. Any such news media shall also be given the same notice of all special, rescheduled or reconvened meetings in the same manner as is given to members of the body provided such news medium has given the public body an address within the territorial jurisdiction of the public body at which such notice may be given."

The municipal code of Northlake (Northlake, Ill., Code, ch. 2, art. 2, sec. 3(c)) provides:

"Special meetings may be called by the Mayor or by any three (3) members of the Council in writing filed with the Clerk at least thirty-six (36) hours prior to the time specified for such meeting. At least twenty-four (24) hours written notice of such special meeting shall be given by the Clerk, which notice shall specify the time of such meeting and the specific subject matter to be acted upon at such special meeting, and shall be delivered to each member of the Council personally, ***. The Clerk shall cause an Affidavit showing service of such notice as herein provided to be filed in his office prior to the time fixed for such special meeting."

The record shows that the mayor of Northlake issued a written request for a special meeting to be held July 9, 1981, at 7 p.m. in the city hall of Northlake. This call is dated July 7, 1981, and is addressed to the city clerk. The city clerk prepared notices to each one of the eight aldermen advising them of the time and place of the special meeting pursuant to the call by the mayor. The city clerk certified that these notices were delivered by the Northlake police department on July 8, 1981, 24 hours before the meeting. All of the aldermen and the mayor were present in person.

The city clerk certified a copy of the ordinance in question adopted July 9, 1981 (No. 0—12—81), and also certified that four aldermen and the mayor voted "Aye" and four aldermen voted "Nay." The tie was broken by the affirmative vote of the mayor.

As above shown, the pertinent statute provides (Ill. Rev. Stat. 1979, ch. 102, par. 42.02(b)) that copies of the notice of any special meeting are to be furnished to any local newspaper of general circulation or any local radio or television station which has "filed an annual request" for such notice. The city of Northlake, during 1981, did not

receive such request for notice of meetings by any of the news media. An affidavit by the city clerk to that effect is appended to the motion. However, on the morning of July 8, 1981, the city notified the three newspapers circulated in Northlake that the special meeting had been scheduled for July 9, 1981, at 7 p.m. Although plaintiffs' reply brief insists that "this was done long after those newspapers' deadlines" the reply contains no reference to the record in this regard.

Plaintiffs contend the city code of Northlake, above quoted, provides that the call for a special meeting by the mayor is to be filed with the city clerk "at least thirty-six (36) hours prior to the time specified for such meeting." The city clerk is directed to file an affidavit showing service of such notices upon the aldermen. The record shows the call for special meeting was given to the city clerk by the mayor on July 8, 1981. The Northlake police department served notices upon all aldermen at least 24 hours before the meeting. All parties agree that the mayor and all eight aldermen did in fact appear at the special meeting on July 9, 1981. Assuming this was a violation of the ordinance because the clerk did not receive the call for this meeting 36 hours before the meeting, this fact must necessarily be classified as technical and entirely immaterial.

Plaintiffs point to a provision in the Northlake code requiring previous discussion of ordinances at a meeting of the city council sitting as a committee of the whole. There was no such prior discussion regarding the ordinance passed July 9, 1981 (No. 0—12—81). However, as defendants urge, this portion of the city code provides for previous discussion at a meeting of the committee of the whole with reference to ordinances "appearing on the agenda of each regular meeting of the City Council ***." Consequently since the meeting of July 9, 1981, was a special meeting, that code provision is inapplicable. Defendants also correctly point out that a meeting of the committee of the whole was held on July 7, 1981, at which time the ordinance in question was discussed.

Section 2.02 of the Open Meetings Act above quoted (Ill. Rev. Stat. 1979, ch. 102, par. 42.02) also provides that public notice shall be given by posting a copy of the notice at the principal office of the body holding the meeting or "at the building in which the meeting is to be held." However, the first portion of this quoted section provides that public notice of a special meeting "shall be given at least 24 hours before such meeting."

The record regarding the posting of this type of notice is not clear. The city clerk was quite uncertain regarding posting of notices at the city hall. The same applies to the mayor of Northlake. Plain-

tiffs have presented affidavits by six persons to the effect that they attended the meeting of July 9, 1981, and they did not see notices of the special meeting posted at the city hall. As against this, the city clerk testified that the posting of notices posed a problem since on some occasions notices had been removed without authority.

■ However in the case at bar, even if it be assumed that the notices were not posted, we cannot regard this fact as a materially substantial violation of the statute. As shown, the ordinance adopted at the special meeting of July 9, 1981 (No. 0—12—81), is identical to and was in effect a reenactment of the previous ordinance adopted at the regular meeting on May 12, 1981 (No. 0—8—81). It is undisputed that hundreds of citizens were present at the meeting on May 13, 1981. Therefore we cannot conclude that this was a substantial violation of the law. In view of this legislative history of ordinance No. 0—12—81, we are impelled to classify this type of violation as inconsequential and strictly technical. In our opinion, the law was substantially complied with.

In *Ciacco v. City of Elgin* (1980), 85 Ill. App. 3d 507, 407 N.E.2d 108, an error was made in the published notice regarding the description of the affected property. Furthermore, no notice of the meeting was posted on the door of the building where the meeting was held, precisely as in the instant case. This court held that "the procedural requirements of the enabling legislation were substantially complied with." (85 Ill. App. 3d 507, 513.) Immediately prior to reaching this conclusion, this court stated:

> "The plaintiffs also contend that the Open Meetings Act (Ill. Rev. Stat. 1977, ch. 102, par. 41 *et seq.*) was violated in that a notice of the meeting establishing a special service area and the meeting at which the ordinance was actually adopted, was not posted on the door of the building where the meeting was to be held (presumably the city hall), which is required by the Open Meetings Act, in addition to the publication in the local news media. There is no evidence indicating that such notice of these meetings was posted on the door of the city hall. However, this omission does not invalidate the legislation enacted at such meeting if otherwise regularly enacted in all respects. In *Board of Education v. County Board of School Trustees* (1978), 60 Ill. App. 3d 415, [376 N.E.2d 1054], and *In re Organization of Byron Park District* (1978), 67 Ill. App. 3d 61, [385 N.E.2d 67], the court held that a violation of the Open Meetings Act did not *per se* invalidate the legislative action taken at such meeting. We again adhere to that view.

We believe, therefore, that the procedural requirements of the enabling legislation were substantially complied with in establishing the special service area in this case." (85 Ill. App. 3d 507, 513.)

The doctrine of *stare decisis* requires us to follow the decision in *Ciacco.*

Plaintiffs rely heavily on *Toyah Independent School District v. Pecos-Barstow Independent School District* (Tex. Civ. App. 1971), 466 S.W.2d 377, for the proposition that invalidation is a proper remedy for actions taken in violation of the Open Meetings Act. We do not find this authority convincing. Although the *Toyah* court found the requirements of the open meetings statute to be mandatory, actions taken in violation of the act were not found to be voidable *per se.* Rather, the court held "[t]he effect of holding a statute to be mandatory *** is to require at least substantial compliance with its provisions in order to uphold proceedings to which the statute is applicable" (466 S.W.2d 377, 380). The application of the "substantial compliance" standard to such situations has been subsequently confirmed by the courts of Texas. See *Burton v. Ferrill* (Tex. Civ. App. 1975), 531 S.W.2d 197, 200, and *Stelzer v. Huddleston* (Tex. Civ. App. 1975), 526 S.W.2d 710, 713, and cases there cited.

Furthermore, *Toyah* is far different on its facts from the instant case. In *Toyah*, the action complained of was a total exclusion of all outside parties from a School Board of Trustees meeting on orders of the Board itself. In the case at bar, aside from the pertinent ordinances themselves, the alleged violations were merely of a technical nature with respect to the posting of the proper notices.

A good part of plaintiffs' brief is devoted to a consideration of alleged violations in connection with other meetings of the Northlake city council. In this regard, the trial court filed a written opinion in which he stated that the proceedings at these meetings held prior to July 9, 1981, were legally immaterial or moot because the crucial issue is the question of substantial compliance with the statute with reference to the meeting of July 9, 1981.

Plaintiffs' complaint was filed on June 26, 1981. As regards the three counts involved in the summary judgment proceeding, count VIII refers only to the passage on May 12, 1981, at a regular meeting of the council, of ordinance No. 0—8—81; identical to the ordinance of July 9, 1981. No allegations are made regarding the code of Northlake or the Open Meetings Act. Also, that count is rendered moot by the rescission and repassage of the ordinance on July 9, 1981. Similarly, count IX contains allegations concerning the regular

city council meeting of June 9, 1981. This meeting involved discussion regarding ordinance No. 0—11—81 which is simply an ordinance providing for rescission of the previously passed ordinance of May 12, 1981 (No. 0—8—81). The allegations of count IX have no relevance to the code of Northlake or the Open Meetings Act.

Count X was filed on August 3, 1981, as an amendment to the complaint. That count cites the Open Meetings Act and also portions of the Northlake code. Count X alleges simply that on July 9, 1981, the city council passed a utility tax ordinance (No. 0—12—81) identical to the previous act passed on May 12, 1981 (No. 0—8—81). Count X alleges that this was done "without having first complied with the spirit, intent, or dictates" of either the statute or the city code. This allegation is a pure conclusion and count X states no cause of action. See *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 426-27, 430 N.E.2d 976.

A motion for summary judgment should be granted if the pleadings and evidence of record reveal no "genuine issue as to any material fact" as to entitle the moving party to judgment as a matter of law. Ill. Rev. Stat. 1981, ch. 110, par. 57, now known as Illinois Code of Civil Procedure, Ill. Rev. Stat. 1981, ch. 110, par. 2—1005; *Murphy v. Urso* (1981), 88 Ill. 2d 444, 464, 430 N.E.2d 1079.

■■ We conclude the ordinance here involved passed July 9, 1981, does not violate the code of the city of Northlake in any manner and passage of the ordinance was accomplished in substantial compliance with the provisions of the Open Meetings Act. Thus, it follows there is no genuine issue here as to any material fact.

## II

In their complaint as amended, plaintiffs pray that the court declare the utility tax ordinance void. It is correct that the statute in its present form permits the court to declare "null and void any final action taken at a closed session in violation of this Act." (Ill. Rev. Stat. 1981, ch. 102, par. 43(c).) This portion of the statute did not become effective until July 1, 1982. In view of the position above taken by us that any violation of the Act before us is not substantial but merely formal, it is unnecessary for us to consider this contention. However, relative thereto we will add:

(1) The statute permitting the court to declare the action void refers by its terms only to a "closed session." For example, in *Toyah Independent School District*, the court dealt with a situation involving a truly closed meeting. There, the doors to the meeting place were barred and no other person was admitted. Thus, "[a]ll interested citi-

zens who desired to be present at the meeting were excluded from the meeting room and were required to wait outside in the corridors." 466 S.W.2d 377, 378 n.1.

(2) This amendment to the statute should be given prospective and not retroactive effect. The amendment is not concerned with simply a "remedy or law of procedure." (See *Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 390-91, 415 N.E.2d 1034, *cert. denied* (1981), 451 U.S. 921, 68 L. Ed. 2d 312, 101 S. Ct. 2000.) The Act creates for the court a substantive right and power in dealing with a "closed" meeting. "Without an express statutory provision stating an act is to have retroactive effect, it can only be applied prospectively." *Village of Wilsonville v. SCA Services, Inc.* (1981), 86 Ill. 2d 1, 18, 426 N.E.2d 824, and authorities there cited.

### III

Plaintiffs contend summary judgment was premature because discovery had not been completed. Plaintiffs argue a tape recording of the May 12, 1981, city council meeting was never produced despite repeated requests. Plaintiffs also contend discovery had not been completed as to the first seven counts of the complaint.

■ As above shown, the proceedings of May 12, 1981, are completely immaterial in determination of the validity of the ordinance passed on July 9, 1981. Thus, discovery regarding the meeting of May 12, 1981, and production of the tape recording would appear superfluous. Further, plaintiffs desired the tape to be produced to substantiate their charge that defendant Doyle had altered it.. Defendants took the position the tape had been inadvertently erased. Plaintiffs countered with the charge the tape had been intentionally destroyed. We see no relevance to the case before us in either of these various charges or in the tape itself.

In our opinion, the able trial judge correctly severed counts VIII, IX and X which, as shown, had no factual or legal relation to the subject matter of the first seven counts of the complaint.

■ Finally, it has been frequently held that "[a] reviewing court will not interfere with a trial court's ruling on discovery matters unless there is a manifest abuse of discretion." (*Dobbs v. Safeway Insurance Co.* (1978), 66 Ill. App. 3d 400, 402, 384 N.E.2d 34, and cases there cited.) The record contains large numbers of interrogatories answered by both municipal and utility defendants. It is also evident from the record defendant Doyle and two other Northlake employees were twice deposed by plaintiffs. We find no breach of discretion here.

## IV

■ Plaintiffs charge the passage of the utility tax ordinance constitutes a denial of their right to due process under the United States Constitution. No authority of any kind is cited by plaintiffs in this regard. The argument is therefore "deemed waived." *Saldana v. Wirtz Cartage Co.* (1978), 74 Ill. 2d 379, 386, 385 N.E.2d 664.

## V

■ Plaintiffs' attorneys filed a petition for fees in the trial court on the theory that their efforts resulted in a benefit to the class here involved. The trial judge denied the petition. We are in accord with that order. In view of the holding by the trial judge, that the tax ordinance herein involved is valid, plaintiffs are not successful litigants. Therefore they would not be entitled to the allowance of attorney fees at this time. (*Saltiel v. Olsen* (1981), 85 Ill. 2d 484, 488-89, 426 N.E.2d 1204.) However, since various counts of the complaint remain to be tried, we believe the petition for fees may become proper in event of future success by the plaintiffs. Consequently, although we affirm the denial of fees with reference to the last three counts of plaintiffs' complaint, we wish it understood that this denial is without prejudice to the right of plaintiffs to renew their prayer for fees in event they have future success in this litigation.

This record shows a complete rift and hostility between the elected officials of the municipality and a number of citizens. The controversy before us is in good part political. In our opinion, the proper method of disposing of these grievances is a resort to the process of election and the potency of the ballot box. We respectfully suggest a prompt trial on the merits of the remaining counts of the complaint.

The orders appealed from are accordingly affirmed.

CAMPBELL and McGLOON, JJ., concur.