ARGO HIGH SCHOOL COUNCIL OF LOCAL 571, IFT, AFT, AFL-CIO, *et al.*, Plaintiffs-Appellants, v. ARGO COMMUNITY HIGH SCHOOL DISTRICT 217, Defendant-Appellee.

First District (5th Division)   No. 86—2408

Opinion filed November 20, 1987.

Gilbert Feldman, of Cornfield & Feldman, of Chicago, for appellants.

James C. Franczek, Jr., and Andrea R. Waintroob, both of Vedder, Price, Kaufman & Kammholz, of Chicago, for appellee.

JUSTICE MURRAY delivered the opinion of the court:

Plaintiffs, Argo High School Council of Local 571, IFT, AFT, AFL-CIO, Helen Pluta, and Wendy Thompson (the union), appeal from an order of the circuit court of Cook County dismissing their amended complaint pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615) in which they sought relief under the Open Meetings Act (Ill. Rev. Stat. 1985, ch. 102, par. 41 *et seq.*) against defendant, Argo Community High School District 217 (the district). For the reasons set forth below, we affirm.

On October 21, 1985, the district rescheduled its regular board meeting day of November 11 for November 12 and, at the same time, scheduled a special meeting for November 11; November 11 fell on Veterans Day and was a legal holiday. On November 5, a school board election was held and two incumbent board members were defeated for reelection, thereby changing the previous majority on the seven-member board enjoyed by the district superintendent. On November 7, the secretary of the "lame duck" board (the predecessor of the November 5 board) posted and published notice of the special meeting to be held on November 11. The stated agenda for the special meeting was "[r]eview and discussion of salaries involving administrators, supervisors and other personnel not covered by agreements." At the meeting, the "lame duck" board adopted certain motions providing the following: (1) extension of the superintendent's contract for one year through the 1986-87 school year; (2) a change in the appointment of department chairpersons from a permanent basis to a three-year rotational basis; and (3) the posting and receiving of applications for the position of athletic director for the 1986-87 school year.

On December 26, the union filed a complaint contending that the November 11 special meeting violated the Open Meetings Act (Ill. Rev. Stat. 1985, ch. 102, par. 41 *et seq.*). Its complaint sought a declaratory judgment voiding the actions taken at the special meeting. After the trial court struck the original complaint on the district's motion, the union filed an amended complaint on June 6, 1986. The

amended complaint was stricken on August 6, and this appeal followed.

The union contends on appeal that the special meeting was in violation of the Open Meetings Act (the Act) because (1) it was held on a legal holiday in violation of section 2.01 and (2) the meeting's agenda violated section 2.02 of the Act requiring the agenda to be listed. Ill. Rev. Stat. 1985, ch. 102, pars. 42.01, 42.02.

We first address the union's claim that the special meeting violated section 2.01 of the Act. Section 2.01 provides:

> "All meetings required by this Act to be public shall be held at specified times and places which are convenient to the public. No meeting required by this Act to be public shall be held on a legal holiday unless the regular meeting day falls on that holiday." (Ill. Rev. Stat. 1985, ch. 102, par. 42.01.)

The trial court concluded that the second sentence of the above provision permitted two interpretations. One interpretation was that no meeting can be held on the legal holiday unless the meeting is a "regular" meeting falling on the holiday. The second interpretation was that no meeting (regular, special, rescheduled or reconvened meeting) could be held on a holiday unless the legal holiday was the same day as the regular meeting day and the regular meeting was not held on that day. The trial court relied on the second interpretation, reasoning that the legislature could have, if it wanted to preclude a special or other meeting from being held on a legal holiday, used language specifically indicating that intent. More particularly, the court stated as follows:

> "[A] special meeting cannot be held on a legal holiday unless that legal holiday is a day where a regular meeting day ordinarily occurs, even though the regular meeting may not be held on that day.
>
> Now, why do I say that? I say that because the legislature would not have had to use the word day. They could have simply said unless the regular meeting falls on that holiday, but they didn't. They inserted the word day[.]
>
> *** To me that contemplates that some other meeting could be held on a legal holiday pursuant to notice if the regular meeting day falls on that holiday. It does not require the regular meeting also to be held on that holiday."

We agree with the trial court. Instead of the language used by the legislature, it could have provided, in accordance with the union's interpretation, no special, rescheduled or reconvened meeting may ever be held on a holiday; only a regular meeting which falls on

the holiday may be held on that day. We also briefly note that we find the union's argument unpersuasive that the trial court's interpretation of the language contravenes the legislature's intent to make meetings convenient to the public and that, by holding the special meeting on a holiday, public members who might otherwise have attended a special meeting would not do so because it was held on a holiday. The objected-to agenda business, *i. e.*, the three motions submitted and approved by the "lame duck" board, could have been considered at a regular meeting as well as at a special meeting. It is only a matter of serving proper notice of a meeting and the anticipated agenda of such a meeting that is required by the Act—any one particular agenda is not relegated to being discussed at only a regular meeting. Thus, the fact that the special meeting of November 11 was held to discuss these motions prior to the successor board's taking office does not change the right of the "lame duck" board to take action on matters where proper notice is given. We therefore find no contravention of the intent of the legislature to make public meetings convenient to the public where the special meeting happened to be scheduled on a regular meeting day, a day that any interested party would have attended the regular meeting or could have attended the special meeting in its stead, where properly notified.

Accordingly, since it is not within the province of this court to enlarge the meaning of a statute aimed at correcting any supposed defect or omission (*In re Estate of Swiecicki* (1984), 121 Ill. App. 3d 705, 460 N.E.2d 91, *aff'd* (1985), 106 Ill. 2d 111, 477 N.E.2d 488), we affirm the trial court's decision on this issue.

█ The union's final argument, that the notice of the special meeting violated section 2.02 of the Act (Ill. Rev. Stat. 1985, ch. 102, par. 42.02) because some of the items considered and voted upon at the meeting were not germane to the listed agenda, must also be rejected. As previously discussed above, the agenda listed in the notice of the special meeting was stated as "review and discussion of salaries involving administrators, supervisors, and other personnel not covered by an agreement." The motions presented and adopted at the meeting, which the union urges are null and void, included (1) an extension of the superintendent's term, (2) a change in the appointment of department chairpersons from a permanent to a three-year rotational basis, and (3) the posting and receiving of applications for the position of athletic director for the 1986-87 school year.

Section 2.02 provides, in pertinent part:

"Public notice of any special meeting *** or of any rescheduled regular meeting, or of any reconvened meeting, shall be given

at least 24 hours before such meeting, which notice shall also include the agenda for the special, rescheduled, or reconvened meeting, but the validity of any action taken by the public body which is *germane* to a subject on the agenda shall not be affected by other errors or omissions in the agenda." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 102, par. 42.02.

We note that the word "germane" literally means having the same parents. (Webster's Third New International Dictionary 951 (1981).) Like other words, the law has expanded the literary definition to mean matters never conceived of by the person or persons who originally conceived the word. According to Black's Law Dictionary 618 (5th ed. 1979), "germane" is defined as "in close relationship, appropriate, relative, pertinent." Courts have expanded the meaning of the word even further, holding that where the title of an act is general, anything germane to the subject matter passes the constitutional prohibition against special legislation. (Ill. Const. 1970, art. IV, §13; *People v. Calcaterra* (1965), 33 Ill. 2d 541, 213 N.E.2d 270.) Additionally, in a recent case our court held that the offense of hunting without the permission of both a tenant and landlord was germane to an act entitled "Wildlife Code" (Ill. Rev. Stat. 1985, ch. 61, par. 1.1 *et seq.*). *People v. Fenwick* (1985), 137 Ill. App. 3d 457, 484 N.E.2d 915.

Here, the union, in arguing that the passed upon motions were not germane to the listed agenda, contends that these matters were controversial and that they therefore should have been specifically detailed in the notice. The basis for the union's contention appears to be that the "lame duck" board scheduled the special meeting to rule on matters which the successor board, with its two new members, would not have approved.

We briefly note that the term "lame duck" means an elected officer or group holding political office during the interim between defeat at a reelection and inauguration of a successor(s). (Webster's Third New International Dictionary 1266 (1981).) We are aware of no law in Illinois which precludes political or nonpolitical "lame ducks" from legally acting until termination of office. In fact, it is axiomatic that public boards are continuing and that changes in composition do not affect the legality of actions taken by predecessor boards. (*Libertyville Education Association v. Board of Education* (1977), 56 Ill. App. 3d 503, 371 N.E.2d 676.) Accordingly, whether the district board at the time of the special meeting was a "lame duck" board or not is immaterial in this case. Therefore, if the board's special meeting on Veterans Day consisting of the "lame duck" members was in compliance with the requirements of the Open Meetings Act, its actions on

that date were not null and void as contended by the union.

█ In light of the above, we find the union's argument unpersuasive that the actions taken by the "lame duck" board were not germane to the listed agenda statement. Discussions of who can authorize salary increases (the rotation system), who will receive a salary, and the length of the superintendent's contract are "closely related" and "pertinent" to a discussion of salaries of personnel not covered by agreements. Moreover, the Act only requires that a public body "substantially" comply with the Act's provisions. (*Williamson v. Doyle* (1983), 112 Ill. App. 3d 293, 445 N.E.2d 385; *In re Organization of Byron Park District* (1978), 67 Ill. App. 3d 61, 385 N.E.2d 67.) Here, the meeting was held on a proper day, as discussed above, timely notice was given and, at the least, the Board took actions which were not specifically detailed but which were "closely related" to the agenda listed in the notice. Accordingly, we find no lack of substantial compliance with the Act or that the motions passed were not germane to the agenda listed in the district's notice.

Finally, it is well established that where there has been a prior violation of the Open Meetings Act (Ill. Rev. Stat. 1985, ch. 102, par. 41 *et seq.*), a board is not prevented from calling a subsequent meeting, noticed in full compliance with the requirements of the Act, and there taking the identical action (see *Lindsey v. Board of Education* (1984), 127 Ill. App. 3d 413, 468 N.E.2d 1019). Although we found no violation of the Act in the present case, we note that at a meeting of the district held after the "lame duck" Veterans Day meeting, the successor board affirmed the actions taken by the "lame duck" board. Obviously, such a meeting cured the charged violation of the Act asserted by the union. We further note that, contrary to the union's argument, the successor board would not have opposed the actions taken by the "lame duck" board, notwithstanding whether the special meeting was held on the holiday or otherwise.

For the foregoing reasons, the trial court's order granting the district's motion to dismiss the union's amended complaint with prejudice is affirmed.

Affirmed.

SULLIVAN, P.J., and PINCHAM, J., concur.