THE PEOPLE *ex rel.* FREDERICK R. REDELL *et al.*, Plaintiffs and Counterdefendants-Appellees, v. FRANK GIGLIO *et al.*, Defendants-Counterplaintiffs (Tina Paterek, Defendant and Counterplaintiff-Appellant).

First District (6th Division)   No. 1—92—0962

Opinion filed October 9, 1992.

Odelson & Sterk, Ltd., of Evergreen Park (Burton S. Odelson and Mathias W. Delort, of counsel), for appellant.

D'Ancona & Pflaum, of Chicago (Barry T. McNamara and Steven L. Baron, of counsel), for appellees.

JUSTICE RAKOWSKI delivered the opinion of the court:

This appeal arises from a complaint in *quo warranto* filed by Frederick Redell, the supervisor of the Board of Trustees of Thornton Township (board), and Catherine Poindexter, one of its trustees. The complaint challenged the validity of a township meeting and the alleged appointment of several board members, including the appellant, Tina Paterek, to fill a vacancy created by the resignation of one of the trustees, as well as the positions occupied by Redell and Poindexter. Paterek subsequently filed a counterclaim requesting a declaratory judgment that she was lawfully appointed as trustee and an injunction against Redell from interfering with her serving as a member of the board. Redell filed a motion for summary judgment on his complaint, and Paterek filed a motion for summary judgment on her counterclaim. The trial court granted Redell's motion and denied Paterek's, finding that she had not been lawfully appointed as a member of the board. Paterek appeals, raising the following issues: (1) whether the trial court erred in granting summary judgment against Paterek on the basis that her appointment violated the Open Meetings Act (Ill. Rev. Stat. 1991, ch. 102, par. 41 *et seq.*); and (2) whether the trial court erred in finding that Ronald Kawanna was appointed to the trustee position vacated by Charles Palombo.

In 1989 Redell was elected as supervisor of the board. John Smida was elected as clerk, and Catherine Poindexter, A.J. Zoppi, Richard Wands, and Charles Palombo were elected as trustees. On October 22, 1991, Palombo resigned his position as trustee to become the township assessor. At a regular board meeting on December 10, 1991, Zoppi and Wands passed several motions, including a motion to declare the seats held by Redell and Poindexter vacant, a motion to appoint Frank Giglio and Benita Griffis to the allegedly vacant seats, and a motion to appoint Paterek to fill the Palombo vacancy. On December 13, 1991, Redell and Poindexter filed a complaint in *quo warranto* alleging that the action taken at the meeting several days

earlier was invalid because there were only two board members present rather than three members which was the number required to constitute a quorum.

On December 17, 1991, a special meeting of the board was convened following notice pursuant to section 2.02 of the Open Meetings Act (Ill. Rev. Stat. 1991, ch. 102, par. 42.02). The agenda listed five items. Items one, two and four referred to financial matters, item five referred to the rescheduling of a regular meeting and item three stated:

> "Any other matters or problems related to the Redell/Poindexter abandonment of their responsibilities as supervisor and trustee affecting Thornton Township regarding personnel, finance, programs, general fund, general assistance fund, paratransit, road and bridge fund, and all other matters pertaining to the function of the township."

The meeting was attended by Redell, acting as supervisor, Paterek, and trustees Poindexter, Wands, Zoppi, as well as the clerk, Smida. Without recognition by Redell, Wands made a motion to vote in Paterek as trustee for the board which was approved by everyone except Redell and Poindexter. Following the meeting, Wands, Zoppi and Smida signed a warrant of appointment, allegedly appointing Paterek to fill the Palombo vacancy.

On December 23, 1991, Paterek filed her counterclaim, requesting a declaratory judgment that she was a lawfully appointed member of the board and a motion for summary judgment on her counterclaim. Redell filed his answer to Paterek's counterclaim and affirmative defenses alleging that the action taken at the meeting on December 17, 1991, to elect Paterek to the board was illegal because it was not within the scope of the agenda in violation of the Open Meetings Act. On January 22, 1992, Redell filed his motion for summary judgment on his complaint in *quo warranto*.

On February 3, 1992, Paterek filed a verified motion for a temporary restraining order and a verified third-party complaint for declaratory judgment and injunctive relief requesting that Redell be restrained from posting any notice of a special township meeting scheduled for February 6, 1992, and from proceeding with any activities in connection with such meeting and also that the Township of Thornton be restrained from conducting a special meeting to elect a trustee. Paterek's allegations in her complaint were that she already occupied the position vacated by Palombo and that proper notice had not been given for the time and place of the meeting pursuant to sections 6—1.1 and 6—2 of the Township Law of 1874 (Ill. Rev. Stat.

1991, ch. 139, pars. 51, 53). However on February 6, 1992, the special township meeting was convened and Robert Kawanna was elected to the same position that Paterek claims she occupies. On March 23, 1992, the trial court granted Redell's motion for summary judgment, denied Paterek's motion and ruled that Kawanna was duly elected to fill the position Palombo vacated.

The first attempt to appoint Paterek to the board occurred on December 10, 1991. However, in granting Redell's motion for summary judgment, the trial court concluded that there was no valid quorum so that any action taken at the meeting was not valid. Paterek does not appeal this ruling by the court. On December 17, 1991, a second attempt was made to appoint Paterek to the board at a special meeting convened pursuant to the Open Meetings Act (Act) (Ill. Rev. Stat. 1991, ch. 102, par. 41 *et seq.*). The issue as to the validity of Paterek's appointment at the meeting on December 17, 1991, is whether the agenda was specific enough to give proper notice under the Act. As previously stated, the agenda consisted of five items. The item which Paterek contends provided notice of her appointment was item three, which states:

> "Any other matters or problems related to the Redell/Poindexter abandonment of their responsibilities as supervisor and trustee affecting Thornton Township regarding personnel, finance, programs, general fund, general assistance fund, paratransit, road and bridge fund, and all other matters pertaining to the function of the township."

Section 2.02 of the Act provides in relevant part:

> "Public notice of any special meeting *** shall be given at least 24 hours before each meeting, which notice shall also include the agenda for the special, rescheduled, or reconvened meeting, but the validity of any action taken by the public body which is germane to a subject on the agenda shall not be affected by other errors or omissions in the agenda." (Ill. Rev. Stat. 1991, ch. 102, par. 42.02.)

Section 1 of the Act states that the intent of the Act is that the actions and deliberations of public agencies be conducted openly. (See Ill. Rev. Stat. 1991, ch. 102, par. 41.) The Illinois Supreme Court noted that the Act "is designed to prohibit secret deliberation and action on business which properly should be discussed in a public forum due to its potential impact on the public." *People ex rel. Difanis v. Barr* (1980), 83 Ill. 2d 191, 202, 414 N.E.2d 731.

■ The first part of agenda item three refers to "matters or problems related to the Redell/Poindexter abandonment of their re-

sponsibilities as supervisor and trustee" and its effect on township personnel, finance, and funding programs. Paterek's alleged appointment was intended to fill the position vacated by Palombo and had no connection with the positions occupied by Redell and Poindexter or any action on their part which had an impact on the township. The only part of item three which did not refer to Redell and Poindexter was the clause "and all other matters pertaining to the function of the Township." This clause standing alone was too generic to give notice of any action by the board and, in essence, amounted to no agenda at all. Because this clause was too all-inclusive to give any notice, and Paterek's appointment was not germane to the remainder of item three, we conclude that the action taken by the board to appoint Paterek was invalid.

In support of her argument to the contrary, Paterek cites *Argo High School Council of Local 571 v. Argo Community High School District 217* (1987), 163 Ill. App. 3d 578, 583, 516 N.E.2d 834. In *Argo*, the union challenged certain actions taken at a special meeting of a school district on the basis that the actions were not germane to the listed agenda. One of the items on the agenda was a "review and discussion of salaries involving administrators, supervisors, and other personnel not covered by an agreement." The motions presented and adopted at the meeting which the union challenged were an extension of the superintendent's term, a change in the appointment of a department chairperson from a permanent to a three-year rotational basis, and the posting and receiving of applications for the position of athletic director for the 1986-87 school year. (*Argo High School Council*, 163 Ill. App. 3d at 581.) The court held that the challenged items were closely related and pertinent to the discussion of salaries of personnel not covered by the agreement. Citing *Williamson v. Doyle* (1983), 112 Ill. App. 3d 293, 445 N.E.2d 385, and *In re Organization of Byron Park District* (1978), 67 Ill. App. 3d 61, 385 N.E.2d 67, the court noted that the Act only requires substantial compliance with its provisions by a public body. (*Argo High School Council*, 163 Ill. App. 3d at 583.) However, in the case *sub judice*, we find no relationship between Paterek's appointment to Palombo's position and the Redell/Poindexter abandonment of their responsibilities or its effect on finance, funding, or personnel matters. Therefore, the appointment was not germane to any subject on the agenda nor was it in substantial compliance with the Act. In concluding as we do, we point out that comparison with other factual situations is difficult. Whether action taken is germane to a subject on the agenda can only be determined by a careful reading of each on a case-by-case basis.

■ Paterek also argues, in the alternative, that her appointment was valid because the appointment by warrant document was signed by other board members pursuant to section 10—1 (Ill. Rev. Stat. 1991, ch. 139, par. 96). Paterek's interpretation of this provision is that a board member can be appointed under the signature of as few as three other members, which was the number of signatures in this case, without any prior action by the board. What the statute provides in part, however, is:

"Except for the office of township or multi-township assessor, whenever any town fails to elect the proper number of town officers to which such town is entitled by law, or when any person elected to any town office fails to qualify, or whenever any vacancy occurs for any other reason in any township office, the board of trustees of the township shall fill the vacancy by appointment, by warrant under their signature and seals ***." (Ill. Rev. Stat. 1991, ch. 139, par. 96.)

Under this provision, the signed warrant is a document which accompanies a valid appointment by the board rather than a separate and distinct procedure for appointing trustees. Because we conclude that Paterek's appointment at the meeting was not valid, the signing of the warrant by the members did not convert it into a valid one.

■ Also without merit is Paterek's argument that the trial court did not have the power to declare that her appointment at the December 17 meeting was invalid. Section 3(c) of the Act provides in relevant part that "[t]he court, having due regard for orderly administration and the public interest, as well as for the interests of the parties, may grant such relief as it deems appropriate." (Ill. Rev. Stat. 1991, ch. 102, par. 43(c).) Paterek argues that the "free rein" granted to a court in section 3 of the Act is limited to cases where a complaint has been filed that the Act was violated. She claims that this issue was not before the court because it was only raised as an affirmative defense by Redell in response to her counterclaim for declaratory judgment. However, even if Redell's answer and affirmative defenses were not sufficient, Paterek herself brought the issue before the court in her motion for summary judgment on the validity of her appointment on December 17, 1991.

■ Finally, Paterek contends that it was improper for the trial court to make a finding that Ronald Kawanna was duly elected to the position vacated by Palombo. Paterek's argument is twofold: (1) the township meeting at which Kawanna was elected was not convened in compliance with the Act; and (2) that the validity of Kawanna's appointment was not before the court. Without addressing the propriety

148

of the township meeting, we agree with Paterek's second contention that it was improper for the trial court to address this issue. Neither Redell's nor Paterek's motion for summary judgment requested that the court make a finding on the validity of the township meeting or Kawanna's election. We also note that Kawanna was not before the court as a party. Even assuming, *arguendo*, that the court could rule on the propriety of Kawanna's appointment where he was not a party, it could only do so after a trial or pursuant to a dispositive motion requesting such action.

Accordingly, the order of the circuit court on Paterek's and Redell's motion for summary judgment is affirmed, and that part of the court's order regarding the election of Ronald Kawanna is reversed.

Affirmed in part and reversed in part.

EGAN, P.J., and McNAMARA, J., concur.