2022 IL App (1st) 211331-U
No. 1-21-1331
Order filed November 14, 2022

First Division

**NOTICE**: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| WILLIAM F. PRUENTE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 20 CH 03670 |
| | ) | |
| THE RETIREMENT BOARD OF THE POLICEMEN'S | ) | |
| ANNUITY AND BENEFIT FUND OF THE CITY OF | ) | Honorable |
| CHICAGO, | ) | Allen Price Walker, |
| | ) | Judge, presiding. |
| Respondent-Appellee. | ) | |

JUSTICE HYMAN delivered the judgment of the court.
Presiding Justice Lavin and Justice Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Affirming Board's decision to deny pension benefits to police officer convicted of felonies arising from his service as an officer.

¶ 2    Former Chicago police officer William Pruente was convicted of perjury, obstruction of justice, and official misconduct for providing false testimony in a narcotics case. When Pruente applied for a pension benefit, the Retirement Board of the Policemen's Annuity and Pension Benefit Fund initially voted to approve his application. Later, the Board rescinded its approval

to investigate his felony convictions further. After a hearing, the Board voted unanimously to deny Pruente a pension under section 5-227 of the Illinois Pension Code, which provides that "[n]one of the benefits provided for in this Article shall be paid to any person who is convicted of any felony relating to or arising out of or in connection with his service as a policeman." 40 ILCS 5/5-227 (West 2020).

¶ 3    Pruente contends (i) the Board's denial of his pension application constituted an excessive fine in violation of the eighth amendment of the United States Constitution; (ii) the Board violated the Open Meetings Act when it rescinded approval of his pension application without notifying him; and (iii) the Board violated its own rules by denying his application without good cause. We affirm. Pruente waived his excessive fine claim by failing to raise it before the Board. Further, the Board did not violate the Open Meetings Act or its rules in denying Pruente's pension application.

¶ 4                                    Background

¶ 5    Pruente became a Chicago police officer in September 1995. In 2015, Pruente was charged with perjury, official misconduct, and obstruction of justice relating to his sworn testimony during a suppression hearing in a narcotics case. Pruente was found guilty and sentenced to 30 months felony probation and public service. The appellate court affirmed his convictions. *People v. Pruente*, 2019 IL App (1st) 170767-U.

¶ 6    In May 2019, Pruente applied for pension annuity benefits with the Retirement Board of the Policemen's Annuity and Benefit Fund of the City of Chicago. The Board notified Pruente it would conduct a hearing to determine his eligibility for pension benefits under section 5-227 in light of his felony convictions. At the November 25, 2019, hearing at which Pruente testified, the Board orally voted in favor of granting his application. The Board next met on December

20, 2019. Before voting to ratify approval of Pruente's pension application, a Board trustee moved to rescind the November 25 oral vote and further review the matter. The motion to rescind passed without opposition.

¶ 7 On December 31, 2019, the Board sent a letter to Pruente, advising him of its decision to rescind its approval and informing him the Board would address the matter at its regularly scheduled meeting on January 30, 2020. Before the January 30 meeting, Pruente filed an "Objection to Board's Reconsideration and Brief in Support of Application for Pension Annuity," which the Board admitted into the record. At the meeting, his attorneys made oral arguments asserting, in part, that the Board violated the Open Meetings Act (5 ILCS 120/1, *et seq.* (West 2020)) by failing to give him notice of the December 20, 2019, meeting where it voted to rescind its earlier decision to approve his pension benefits application, (ii) the Board did not have "good cause" to reconsider its prior vote approving his application, (iii) caselaw supported awarding him a pension despite his felony convictions, and (iv) the Pension Code provision allowing the attorney general to bring a civil action to enjoin pension payments to a convicted felon was unconstitutional.

¶ 8 After the hearing, the Board unanimously voted to deny Pruente's pension benefits application due to his felony convictions. The Board issued its final written and appealable decision on February 27, 2020. In its decision, the Board found it complied with the Open Meetings Act when it voted to rescind its decision awarding him a pension benefit, and that regardless, Pruente had an opportunity to raise the same objections at the January 30, 2020, meeting. The Board determined that the vote taken on November 25, 2019, was not a final decision or order, as it was not in writing and the Board's rules permitted reconsideration of a vote for "good cause." The Board concluded it had "good cause" to reconsider because (i)

Pruente was not entitled to a pension benefit under section 5-227 of the Pension Act; (ii) awarding him a pension violated the Board's fiduciary duties; and (iii) the Attorney General would likely sue the Board to enjoin payments to Pruente. The Board also concluded it did not have the authority to declare the divestiture provision of the Pension Code unconstitutional.

¶ 9 Pruente filed a petition for administrative review in the circuit court. Pruente argued that (i) the Board's November 25, 2019, decision to grant his pension benefit was final and not subject to rescission; (ii) the Board's rescission of his pension benefit without notice violated the Open Meetings Act; (iii) the Board's decision denying him a pension annuity violated his due process rights and the Eighth Amendment's prohibition on excessive fines, and (iv) the Board's finding that his felony convictions were related to, arose out of, or was in connection to his service as a policeman was clearly erroneous and against the manifest weight of the evidence.

¶ 10 After a hearing, the circuit court issued a memorandum opinion and order denying Pruente's petition for administrative review in part and affirming it in part. The court found Pruente's felony convictions arose out of his service as a police officer because "but for" his position, he would not have offered false testimony at a suppression hearing.

¶ 11 The court further found unclear whether the Board followed the Open Meetings Act notice requirements before its December 20, 2019, meeting, but Pruente was not prejudiced because he had the opportunity at the January 30, 2020, hearing to object to the Board's decision to reconsider.

¶ 12 As to the eighth amendment challenge, the court found Pruente failed to provide evidence of the potential amount of pension funds forfeited other than the vague assertion that it was "potentially in excess of millions of dollars." Without evidence of the amount of pension

benefits being forfeited, the court could not find it was grossly disproportionate to the maximum $10,000 fine for his felony convictions.

¶ 13     The court found that the Board erred in denying Pruente a refund of contributions he made to the pension fund before his felony convictions and remanded with directions to the Board to determine what, if anything, Pruente was owed. (That issue is not before the court.)

¶ 14     Pruente filed a motion to reconsider, which the trial court denied.

¶ 15                                     Analysis

¶ 16                               Standard of Review

¶ 17     In administrative review actions, we review the administrative agency's decision, not the circuit court's decision. *Wade v. City of North Chicago Police Pension Board*, 226 Ill. 2d 485, 504 (2007). The standard of review varies depending on whether the question is one of fact or law or a mixed question of fact and law. *AFM Messenger Serv., Inc. v. Department of Employment Security,* 198 Ill. 2d 380, 390 (2001); *Kelly v. Retirement Board of Policemen's Annuity & Benefit Fund of City of Chicago*, 2022 IL App (1st) 210483, ¶ 30. We review findings of fact under the manifest weight of the evidence standard. *Glaser v. City of Chicago*, 2018 IL App (1st) 171987, ¶ 20. A finding is against the manifest weight of the evidence if the opposite conclusion is clearly evident. *Kelly*, 2022 IL App (1st) 210483, ¶ 30. We deem the Board's factual findings *prima facie* true and correct. *Glaser*, 2018 IL App (1st) 171987, ¶ 20. We will not reverse a Board's factual finding, however, because the opposite conclusion is reasonable. *Kelly*, 2022 IL App (1st) 210483, ¶ 30. Rather, we will affirm so long as evidence in the record supports the Board's decision. *Id.*

¶ 18     When the issue presents purely a legal question, we apply the *de novo* standard of review. *City of Belvidere v. Illinois State Lab. Relations Board.,* 181 Ill. 2d 191, 205 (1998). We review

a mixed question of law and fact for clear error. A mixed question of law and fact includes one in which "the historical facts are not in dispute and the issue is whether the established facts satisfy the statutory standard." (Internal quotation marks omitted.) *My Baps Construction Corp. v. City of Chicago*, 2017 IL App (1st) 161020, ¶ 115. A clearly erroneous decision reveals "the definite and firm conviction that a mistake has been made." *Kelly*, 2022 IL App (1st) 210483, ¶ 31.

¶ 19                                           Eighth Amendment

¶ 20        Pruente does not contest the Board's factual finding that his felony convictions for perjury, obstruction of justice, and official misconduct constituted felonies arising out of his service as police officer under section 5-227 of the Pension Act. 40 LCS 5/5-227 (West 2020). Instead, he contends the Board's decision to deny him a pension benefit constituted an "excessive fine" violating the eighth amendment of the United States Constitution because his penalty for his felony convictions was $10,000 while his lost pension benefits would presumably greatly exceed that amount.

¶ 21        On administrative review, a party forfeits arguments, issues, or defenses that it failed to raise in proceedings before the administrative agency. *Demesa v. Adams*, 2013 IL App (1st) 122608, ¶ 52; *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 212 (2008) (defense not presented at administrative hearing is procedurally defaulted and may not be raised for the first time before circuit court).

¶ 22        Pruente raised the excessive fine issue in his petition for administrative review. The circuit court rejected it, finding Pruente failed to provide evidence of the potential amount of pension funds forfeited other than the vague assertion of "potentially in excess of millions of dollars." But, as noted, we review the Board's decision, not the circuit court's decision. *Wade v. City of*

*North Chicago Police Pension Board*, 226 Ill. 2d at 504. Before the Board, Pruente did not argue that denying his pension application constituted an excessive fine but instead argued it constituted cruel and unusual government action under the eighth amendment. The excessive fine clause and the cruel and unusual clause involve distinct inquiries. *See Alexander v. United States,* 509 U.S. 544, 558 (1993) ("Unlike the Cruel and Unusual Punishment Clause, which is concerned with matters such as the duration or conditions of confinement, "[t]he Excessive Fines Clause limits the government's power to extract payments, whether in cash or in kind, as punishment for some offense."). Pruente waived the issue by failing to argue before the Board that its decision constituted an excessive fine under the Eighth Amendment.

¶ 23                                                    Open Meetings Act

¶ 24        Pruente contends the Board violated the Open Meetings Act by failing to notify him of its December 20, 2019, meeting, where it rescinded its decision approving his pension application. The Board denies it violated the Open Meetings Act and, regardless, a violation was cured when Pruente had a full opportunity to raise objections at the January 30, 2020, meeting. Because this issue presents a mixed question of law and fact, whether the Board's actions satisfied the standards in the Open Meetings Act, we review for clear error. *My Baps Construction Corp.* 2017 IL App (1st) 161020, ¶ 115.

¶ 25        The Open Meetings Act imposes specific notice requirements on public bodies, like the Board, for meetings. See 5 ILCS 120/2.02 (West 2020). The Act provides, "where the provisions of this Act are not complied with, or where there is probable cause to believe that the provisions of this Act will not be complied with, any person *** may bring a civil action in the circuit court for the judicial circuit in which the alleged noncompliance has occurred or is about to occur, or in which the affected public body has its principal office, prior to or within

60 days of the meeting alleged to be in violation of this Act." 5 ILCS 120/3(a) (West 2020). Among the remedies the court may issue include "declaring null and void any final action taken at a closed meeting in violation of this Act." Pruente contends that because he did not receive notice of the December 20, 2019, meeting, the Board's decision was null and void. We disagree.

¶ 26    Accepting Pruente's contention that the Board violated the Open Meetings Act by failing to notify him, the Board cured the defect by later holding a meeting in compliance with the Act and affirming its prior decision. *Argo High School Council of Local 571, IFT, AFT, AFL–CIO v. Argo Community High School District 217*, 163 Ill. App.3d 578, 583 (1987). ("[I]t is well established that where there has been a prior violation of the Open Meetings Act [citation], a board is not prevented from calling a subsequent meeting, noticed in full compliance with the requirements of the Act, and there taking the identical action [citation].").

¶ 27    On December 31, 2019, the Board notified Pruente of its decision to rescind and informed him it would meet on January 30, 2021, to address the matter. Pruente then submitted an objection to the Board's decision to rescind his pension benefit and attended. His attorneys argued against the Board's decision. The Board then took the same action by rescinding approval of Pruente's pension application and issuing a final written decision denying it. Thus, the Board cured a prior defect, if any.

¶ 28                                    "Good Cause"

¶ 29    Pruente contends we should reverse the Board's denial because, in the absence of "good cause," which it failed to show, the Board had no authority to rescind its initial vote.

¶ 30    Under Rule 7.6 of the Board's Rules and Regulations, "[a]ny decision of the Board regarding an application for benefits *** shall be first orally announced at an open meeting of

the Board and thereafter, where necessary, reduced to a formal decision published in accordance with relevant statutory requirements. *** The decision orally announced by the Board shall be subject to revision as to form or substance until such time as the formal written order is published."

¶ 31    Under section 2 of article 7 of the Board's Rules and Regulations, "Action on any application may be reviewed or reconsidered at any time by majority vote of the Board for good cause shown, in accordance with provision of the law governing this fund." Pruente concedes the Board has flexibility to reconsider its actions yet asserts the Board must show it had "good cause," which it failed to do when it rescinded its decision.

¶ 32    "Good cause" is undefined in the Board's Rules, so the Board must determine its meaning. A presumption of validity applies to administrative body's interpretation of its rules as long as the interpretation relates to the agency's power. *Taylor v. Police Bd. of City of Chicago,* 62 Ill. App. 3d 486, 489 (1978). A reviewing court decides whether the Board's interpretation of its rules has a reasonable basis in law. *Id.*, 62 Ill. App. 3d at 489. See also *Walk v. Department of Children & Family Services*, 399 Ill. App. 3d 1174, 1181 (2010) (agency's interpretation of own rules and regulations " ' "enjoys a presumption of validity." ' " (citations omitted)).

¶ 33    When the Board voted on December 20, 2019, to rescind its oral vote to approve Pruente's pension benefit application, it had not yet issued a final written decision and reasonably interpreted Rule 7.6, permitting recession and reconsideration. In its February 27, 2020, final written decision, the Board expressed three "good cause" reasons for reconsidering its decision: (i) Pruente was not entitled to a pension under the Pension Code because of his felony convictions; (ii) granting his pension application would violate the Board's fiduciary duties; and (iii) granting the pension application would subject the Board, and perhaps individual

members, to a lawsuit by the Illinois Attorney General. The Board's "good cause" finding under its rules was reasonable, which the Board demonstrated by correcting a perceived error, avoiding unnecessary litigation, and eliminating personal liability for breach of fiduciary duties.

¶ 34 Accordingly, we reject Pruente's contention that the Board failed to find "good cause" or violated its rules in rescinding its oral vote.

¶ 35 Affirmed.