LEE HARVEY, d/b/a Gemstones Unlimited, Plaintiff-Appellee, v. RICH McKINNEY, d/b/a Earth Design, Defendant-Appellant.

Fifth District    No. 5—90—0346

Opinion filed October 29, 1991.

Charles H. Stegmeyer, of Belleville, for appellant.

John R. Sprague, Sr., of Sprague & Sprague, of Belleville, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Defendant, Rich McKinney, d/b/a Earth Designs (McKinney), appeals from a judgment of the circuit court of St. Clair County which awarded plaintiff, Lee Harvey, d/b/a Gemstones Unlimited (Harvey), damages of $285,925.93 and accrued interest of $80,631, plus additional interest at the rate of .003% per day for the period between November 1, 1989, when the parties finished presenting their evidence to the court, and May 14, 1990, when the court entered its judgment. Harvey was also awarded his court costs. As grounds for his appeal, McKinney argues that the circuit court

erred in failing to find that a portion of Harvey's claim was unenforceable by virtue of the statute of frauds provision of the Uniform Commercial Code (Ill. Rev. Stat. 1987, ch. 26, par. 2—201). We affirm.

The evidence, when viewed in the light most favorable to Harvey, the prevailing party (see *In re Marriage of Admire* (1989), 193 Ill. App. 3d 324, 329, 549 N.E.2d 620, 623), established that Harvey agreed to supply gemstones to McKinney, which McKinney was to sell to third parties. Any profits from such sales were to be divided equally between the parties. Pursuant to this agreement, Harvey furnished gemstones to McKinney which had a total value of $445,281.02. (The circuit court's order placed the value at two cents less than this amount, but there appears to be no question that this was simply a typographical error.) McKinney was able to sell some of these stones and paid Harvey $31,895.74 of the proceeds. After Harvey informed McKinney that he was unhappy with McKinney's level of sales, McKinney returned $127,459.35 worth of the gemstones to him. McKinney also gave Harvey an inventory list, on the last page of which he wrote: "This is a partial list of goods on memo—consider all other gems sold or being sold. [Signed,] Richard." The value of these remaining stones was $285,925.93.

When McKinney failed to pay Harvey this amount, Harvey brought an action against him for breach of contract and conversion. The case was ultimately submitted to the court on the theory that in acting as he did, McKinney had effectively bought the goods himself and that the "sale" of the stones to him was governed by the Uniform Commercial Code—Sales (Ill. Rev. Stat. 1987, ch. 26, par. 2—101 *et seq.*). As we have previously indicated, the court, sitting without a jury, adopted Harvey's position and awarded him the damages he sought, $80,631 in accrued interest, plus additional interest for the period between November 1, 1989, and May 14, 1990, calculated at the rate of .003% per day.

On this appeal, McKinney does not dispute the applicability of the Uniform Commercial Code—Sales (Ill. Rev. Stat. 1989, ch. 26, par. 2—101 *et seq.*). Rather, he contends that his agreement with Harvey constituted "a contract for the sale of goods for the price of $500 or more" and that under the statute of frauds provision of the Commercial Code (Ill. Rev. Stat. 1987, ch. 26, par. 2—201), Harvey had an enforceable contractual right to payment only for the quantity of goods which McKinney himself admitted to having received. (See Ill. Rev. Stat. 1987, ch. 26, par. 2—201(3)(b).) Accord-

ing to McKinney, the actual amount of gemstones he received from Harvey amounted to only $235,170.02, not the $445,281.02 found by the court. Because McKinney already paid Harvey $31,895.74 and returned to him inventory valued at $127,459.35, McKinney reasoned that he only owed Harvey $75,814.93 plus accrued interest on that sum which, at the .003% daily rate agreed upon by the parties, amounted to $21,379.55. In McKinney's view, the total due was thus $97,194.48, not the $366,557.04 awarded by the court. Accordingly, McKinney argues that we must reduce the circuit court's judgment to this lesser amount.

Harvey has advanced various substantive arguments as to why McKinney's statute of frauds defense must be rejected. We need not reach the merits of these arguments, however, for Harvey also raises a threshold procedural claim which we believe is dispositive, namely, waiver. Section 2—619(a)(7) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(7)) provides that a defendant may, within the time for pleading, file a motion for dismissal of an action or for other appropriate relief on the grounds that "the claim asserted is unenforceable under the provisions of the Statute of Frauds." McKinney filed no such motion here. McKinney could also have raised his statute of frauds defense in his answer to Harvey's complaint. (Ill. Rev. Stat. 1987, ch. 110, par. 2—613(d).) As Harvey points out, however, McKinney did not do this either. Indeed, it was not until the trial was over and the evidence closed that McKinney mentioned the statute of frauds at all.

■■ ■ The law in this State is well established that if a defendant wishes to assert an affirmative defense such as the statute of frauds at trial, he is required to specifically plead it so that the plaintiff is not taken by surprise. If he fails to do so, he is deemed to have waived the defense, and it cannot be considered even if the evidence suggests the existence of the defense. (*Spagat v. Schak* (1985), 130 Ill. App. 3d 130, 134, 473 N.E.2d 988, 992.) Although we have found no Illinois precedent directly on point, we believe these principles are no less applicable where the statute of frauds is sought to be raised in the context of an action governed by the Uniform Commercial Code—Sales (Ill. Rev. Stat. 1987, ch. 26, par. 2—101 *et seq.*) than they are in a conventional common law action for breach of contract. (See Ill. Rev. Stat. 1989, ch. 26, par. 1—103; *Acuri v. Figliolli* (1977), 91 Misc. 2d 831, 398 N.Y.S.2d 923.) Accordingly, McKinney is now precluded from availing himself of the statute of frauds as a basis for challenging the circuit court's

judgment. No other claims of error having been advanced, that judgment is affirmed.

Affirmed.

HOWERTON and CHAPMAN, JJ., concur.