NO. 4-01-0327

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

BRUCE A. RICE, 

          Plaintiff-Appellee,

          v.

THE BOARD OF TRUSTEES OF ADAMS COUNTY, ILLINOIS, and THE COUNTY OF ADAMS, ILLINOIS,

          Defendants-Appellants.

)

)

)

)

)

)

)

)

Appeal from

Circuit Court of 

Adams County

No. 99MR2

     

Honorable

Thomas L. Brownfield,

Judge Presiding.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

On January 7, 1999, plaintiff, Bruce A. Rice, filed a complaint against defendants, the Board of Trustees of Adams County, Illinois (Board), and the County of Adams, Illinois (County), and an amended complaint on May 18, 1999, alleging a failure by the Board to comply with the Open Meetings Act (Act) (5 ILCS 120/1 through 6 (West 1998)).  Plaintiff sought an order voiding a resolution adopted by the Board
.
  The resolution provided for an alternative benefit program for elected county officers (ECO) pursuant to section 7-145.1 of the Illinois Pension Code (40 ILCS 5/7-145.1 (West 1998)).  
Plaintiff and defendants filed motions for summary judgment.  On May 10, 2000, the trial court granted summary judgment in favor of plaintiff,  
declaring the actions of the Board in adopting the resolution null and void.  On March 16, 2001, the trial court entered an order denying defendants' motion for reconsideration.  Defendants appeal the grant of summary judgment for plaintiff.  We affirm.

The entry of summary judgment is appropriate where there are no questions of fact and judgment can be entered as a matter of law.  
County of Knox ex rel. Masterson v. Highlands, L.L.C.
,
 188 Ill. 2d 546, 550-51, 723 N.E.2d 256, 260
 (1999), quoting 735 ILCS 5/2-1005(c) (West 1998). 
 The interpretation of a statute is a matter of law for the court and properly decided by summary judgment.  
County of Knox
,
 188 Ill. 2d at 551, 723 N.E.2d at 260
.
  Courts of review consider the entry of summary judgment 
de
 
novo
.  
County of Knox
,
 188 Ill. 2d at 551, 723 N.E.2d at 260.

It is the intent of the Act to protect the citizen's right to know.  The Act 
requires an agenda for each regular meeting of a public body, the agenda to be posted at the principal office of the public body and at the location where the meeting is to be held and at least 48 hours in advance of the holding of the meeting. 
 5 ILCS 120/2.02(a) (West 1998).
  The portion of the Act at issue in the present case provides that "[t]he requirement of a regular meeting agenda shall not preclude the consideration of items not specifically set forth in the agenda."  (Emphasis added.)  
5 ILCS 120/2.02(a) (West 1998).

The agenda in the present case, dated November 10, 1998, provides for 34 items, 25 of which appear to be the reports of various individuals.  Item No. 32 references "NEW BUSINESS."  We find also in the record agendas dated September 8, 1998, and October 13, 1998.  They are, in appearance, nearly identical to the agenda dated November 10, 1998.       

The minutes of the meeting held November 10, 1998, provide that, under "NEW BUSINESS," a Mr. Heidbreder stated "there is another resolution to present."  The resolution, 
providing for an alternative benefit program for ECO pursuant to section 7-145.1 of the Illinois Pension Code, 
was read aloud, and Mr. Heidbreder "moved to adopt."  A discussion was had and sufficient affirmative votes carried the motion.

Defendants acknowledge that the 
alternative benefit program for ECO was not specifically set forth in the agenda.  Defendants argue, however, that pursuant to section 2.02 of the Act, "the consideration of" an item 
not specifically set forth
 in the agenda references 
an opportunity for action by the public body.  5 ILCS 120/2.02(a) (West 1998).  We disagree.  
In 
County of Knox
,
 188 Ill. 2d at 556, 723 N.E.2d at 263
,
 the supreme court opined: 

"The fundamental rule of statutory interpretation is to give effect to the intention of the legislature.  A court first looks to the words of the statute.  The language of the statute is the best indication of the legislative intent.  When the statutory language is clear, it must be given effect without resort to other tools of interpretation.  In interpreting a statute, it is never proper for a court to depart from plain language by reading into a statute exceptions, limitations, or conditions which conflict with the clearly expressed legislative intent."   

The Act, in setting forth the policy, provides:  
  

"It is the public policy of this State that public bodies exist to aid in the conduct of the people's business and that the people have a right to be informed as to the conduct of their business.  In order that the people shall be informed, the General Assembly finds and declares that it is the intent of this Act to ensure that the actions of public bodies be taken openly and that their deliberations be conducted openly.

The General Assembly further declares it to be the public policy of this State that its citizens shall be given advance notice of and the right to attend all meetings at which any business of a public body is discussed or acted upon in any way."  5 ILCS 120/1 (West 1998). 

The Act references 
the "actions of public bodies" and, in a separate reference, "their deliberations,"
 
and also "business *** discussed" and, in a separate reference, business "acted upon."  We find "
the consideration of" items not specifically set forth in the agenda to be in the nature of deliberations and discussion and not actions taken. 

We do not find the item "NEW BUSINESS" to provide sufficient advance notice to the people of a resolution providing for an alternative benefit program for ECO.  We note also a reference in the minutes of the meeting held November 10, 1998,
 that "several years ago this was discussed," contrary to the Board's assertion of "new" business.   

Defendants also argue that the ECO who chose to participate in the alternative benefit program are not bound by the judgment declaring the actions of the Board, in adopting the resolution, null and void because they were not made parties to the suit. 
 On May 10, 2000, the trial court held that defendants' actions, "in adopting the resolution approving the ECO Plan, as taken on November 10, 1998, are herewith declared null and void."  The "pension rights" referenced by defendants have no force, binding power, or validity.

For the reasons stated above, we affirm the trial court's judgment.

Affirmed.

KNECHT and STEIGMANN, JJ., concur.