No. 2--09--0331      Filed:  12-9-09

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| In re PETITION TO DISCONNECT | ) | Appeal from the Circuit Court |
| CERTAIN TERRITORY COMMONLY | ) | of Kane County. |
| KNOWN AS THE FOXFIELD SUBDIVISION | ) | |
| AND ADJOINING PROPERTIES FROM | ) | |
| THE VILLAGE OF CAMPTON HILLS | ) | No. 08--MC--15 |
| | ) | |
| (Petitioners of the Foxfield Subdivision, | ) | Honorable |
| Petitioners-Appellants, v. The Village of | ) | Michael J. Colwell, |
| Campton Hills, Respondent-Appellee). | ) | Judge, Presiding. |

JUSTICE BURKE delivered the opinion of the court:

Based on the passage of an ordinance granting annexation of a single parcel of property (the Koutsky parcel), respondent, the Village of Campton Hills (Village), filed a motion to dismiss the petition to disconnect brought by petitioners of the Foxfield Subdivision (petitioners).  Because the Koutsky parcel is contiguous to the territory sought to be disconnected, the Village argued that if the petition to disconnect were granted, the Koutsky parcel would be completely isolated from the remainder of the Village, in violation of the Illinois Municipal Code (Municipal Code) (65 ILCS 5/7--3--1 (West 2008)).  Petitioners argued that the Village did not comply with the notice and open-and-convenient provisions of the Illinois Open Meetings Act (5 ILCS 120/2.01, 2.02 (West 2008)) prior to and at the meeting at which the Village board (Board) enacted the annexation ordinance and that, therefore, the trial court should nullify and void the ordinance.  The trial court held that the Village

complied with the Open Meetings Act and granted a directed finding in favor of the Village. This decision rendered the petition to disconnect groundless and the trial court dismissed it. We affirm.

BACKGROUND

The Village was incorporated on April 17, 2007. Petitioners filed a petition to disconnect certain property from the Village on April 16, 2008. Pursuant to section 7--3--1 of the Municipal Code (65 ILCS 5/7--3--1 (West 2008)), property owners may disconnect from a newly formed municipality within one year of incorporation unless disconnecting the proposed territory would cause any portion of the municipality to be physically isolated from the remainder. While the petition to disconnect was pending, the Board held a special meeting on December 16, 2008, and, during an open session, voted unanimously to annex the Koutsky parcel, which lies contiguous to the territory petitioners sought to disconnect. The Village filed a motion to dismiss the petition to disconnect because the Koutsky parcel would be isolated from the remainder of the Village, in violation of the Municipal Code, if the petition were granted. Petitioners filed a motion to invalidate the annexation ordinance, arguing that the ordinance should be nullified because the Village violated the Open Meetings Act by (1) failing to specify in the agenda for the special meeting that the Board would be considering the annexation of the Koutsky parcel; (2) posting the agenda in a location where it could be viewed only at limited times; and (3) holding the meeting at an inconvenient time and place. The trial court held a hearing on the motion to invalidate the annexation ordinance. Following the presentation of petitioners' evidence, the Village moved for a directed finding, arguing that petitioners failed to prove that the Village violated the Open Meetings Act. The trial court agreed, granted the directed finding, and dismissed the petition to disconnect. This timely appeal followed.

Petitioners contend on appeal that the trial court erred in granting the Village's motion for a directed finding. They contend, as they did before the trial court, that the annexation ordinance should be declared null and void because the Village violated sections 2.01 and 2.02 of the Open Meetings Act (5 ILCS 120/2.01, 2.02 (West 2008)). Petitioners also contend that the trial court improperly excluded evidence.

ANALYSIS

The trial court ruled as a matter of law that petitioners failed to meet their burden of proving a violation of the Open Meetings Act and, pursuant to section 2--1110 of the Code of Civil Procedure (Code) (735 ILCS 5/2--1110 (West 2008)), the trial court granted a directed finding in the Village's favor. The issue presented in this appeal is whether petitioners adduced evidence sufficient to establish a prima facie case that the Village failed to properly follow the provisions of the Open Meetings Act with regard to the special meeting held on December 16, 2008. For the reasons that follow, we hold that the trial court properly granted a directed finding in the Village's favor.

A. Standard of Review

Section 2--1110 provides that in all cases tried without a jury, a defendant may, at the close of the plaintiff's case, move for a finding or judgment in his or her favor. In ruling on such a motion, a court must engage in a two-prong analysis.[1] People ex rel. Sherman v. Cryns, 203 Ill. 2d 264, 275 (2003); Kokinis v. Kotrich, 81 Ill. 2d 151, 155 (1980). First, the trial court must determine, as a matter of law, whether the plaintiff has presented a prima facie case. A plaintiff establishes a prima facie case by proffering at least "some evidence on every element essential to [the plaintiff's underlying] cause of action." Kokinis, 81 Ill. 2d at 154. If the plaintiff has failed to meet this burden,

---

[1]Only the first prong of the analysis applies to this case.

the court then should grant the motion and enter judgment in the defendant's favor. Cryns, 203 Ill. 2d at 275; Kokinis, 81 Ill. 2d at 155. Because whether a plaintiff has failed to present a prima facie case is a question of law, the trial court's ruling is reviewed de novo on appeal. See Kokinis, 81 Ill. 2d at 154-55; Evans v. Gurnee Inns, Inc., 268 Ill. App. 3d 1098, 1102 (1994).

As stated, the trial court determined that petitioners failed to present a prima facie case that the Village violated the provisions of the Open Meetings Act. The Koutsky parcel would be physically isolated from the remainder of the Village in violation of the Municipal Code if petitioners' petition to disconnect were granted, and thus, the trial court held that the petition to disconnect must be dismissed. The trial court arrived at this conclusion by finding that petitioners failed to adduce any evidence that the Village in any manner violated the Open Meetings Act. Because the trial court determined that petitioners failed to establish a prima facie case as a matter of law, we review the trial court's ruling de novo.

Petitioners argue that the Village violated the Open Meetings Act by the manner in which the Village (1) treated the public during the meeting; (2) posted the agenda; and (3) listed the items on the agenda. An examination of the Village's actions does not reveal that the Village committed any infraction of the Open Meetings Act.

Analyzing petitioners' contentions involves statutory interpretation. Thus, we must ascertain and effectuate the intent of the legislature. The best evidence of intent is the language employed in the statute itself, which must be given its plain and ordinary meaning. Forest Preserve District v. Brown Family Trust, 323 Ill. App. 3d 686, 692 (2001).

B. Sufficiency of the Notice

1. Posting Requirements

-4-

We first examine petitioners' contention that the Village violated the notice requirements of section 2.02 of the Open Meetings Act (5 ILCS 120/2.02 (West 2008)) by not posting the agenda for the special meeting where it could be viewed at all times. They assert that before the meeting the agenda was visible to the public for only 14 hours, on a Monday and Tuesday from 9 a.m. to 4 p.m., when the Village Hall was open. Petitioners therefore contend that they had no meaningful opportunity to review the agenda before the meeting and that this violated both the letter and spirit of the Open Meetings Act's provision that the public must be given advance notice of meetings.

Sections 2.02(a) and (b) (5 ILCS 120/2.02(a), (b) (West 2008)) require that an agenda for a special meeting be posted at least 48 hours in advance of the meeting, at "the principal office of the body holding the meeting" or, if no such office exists, at "the building in which the meeting is to be held."

Although no Illinois court has dealt with this exact issue, we find instructive the Texas cases cited by the Village. The Texas Open Meetings Act requires that notices be posted "on a bulletin board located at a place convenient to the public." Texas Gov't Code Ann. §551.0411(b) (Vernon ____). Texas courts have held that posting an agenda within a government building that is locked during nonbusiness hours does not violate the letter or spirit of their Act. For example, in City of San Antonio v. Fourth Court of Appeals, 820 S.W.2d 762, 768 (Tex. 1991), the court held that, although the notice "was not continuously available" because one of the notices was posted on a bulletin board inside City Hall, which was locked during nonbusiness hours, "[m]any, if not most, cities are ill able to afford the additional security and utility costs which an 'open door' policy for the nocturnally curious would require." In Lipscomb Independent School District v. County School Trustees of Lipscomb County, 498 S.W.2d 364, 366 (Tex. Civ. App. 1973), the notice, which on a Friday was

posted on a bulletin board inside the county courthouse and which recited that a meeting of the county board would be held on the following Tuesday, was held to be proper. The court held that, although the courthouse assertedly was locked on Friday and remained closed on the weekend, the notice did not violate the Texas Open Meetings Act because the law made "no requirement that such notice be accessible to the public at all times." Lipscomb Independent School District, 498 S.W.2d at 366.

Based on a plain reading of our Open Meetings Act, it is clear that the legislature does not require that an agenda be posted in a specific place so that it is publicly accessible for 48 continuous hours before the meeting. Section 2.02 requires simply that the agenda be posted 48 hours before the meeting, at the public body's principal office or at the building where the meeting will be held. Under the facts here, posting the agenda on Monday and Tuesday from 9 a.m. to 4 p.m. during Village Hall business hours certainly passes muster. Petitioners do not dispute that the notice was posted and accessible to members of the public both at the Village Hall and also at the Community Center, where the meeting was held, 48 hours before the meeting. Accordingly, we find no violation.

### 2. Agenda Requirements

We next review petitioners' argument that the Village violated section 2.02 because the Koutsky parcel annexation was not specifically listed in the special meeting's agenda. The agenda, entitled "Agenda for the Special Board Meeting of the Corporate Authorities of the Village of Campton Hills," listed 24 items. Item "XXIII" references the following: "Discussion and Consideration of potential annexation of property." The minutes taken at the meeting provide that, under "Discussion and consideration of potential annexation of property," trustee Millette moved to

approve the annexation of the Koutsky parcel, per the Koutsky annexation petition. This was seconded by trustee Lenkaitis and thereafter approved by six Village trustees.

Section 2.02(a) provides that "[p]ublic notice of any special meeting *** shall be given at least 48 hours before such meeting, which notice shall also include the agenda for the special *** meeting, but the validity of any action taken by the public body which is germane to a subject on the agenda shall not be affected by other errors or omissions in the agenda." 5 ILCS 120/2.02(a) (West 2008).

Petitioners assert that the agenda should have identified which parcel was being considered and where the parcel was located and further provided that the Board would be taking a final action on the annexation at the special meeting. Petitioners believe that the agenda was not specific enough to notify the public that its private interests would be affected. They argue that, because the public did not receive sufficient notice of the action to be taken by the Board, the public had no meaningful chance to participate in the meeting, lobby Village trustees beforehand, or rally public support against the annexation.

Petitioners contend that Rice v. Board of Trustees of Adams County, 326 Ill. App. 3d 1120 (2002), supports their claim that to comply with the Open Meetings Act the agenda should have specifically listed the items to be considered. In Rice, the plaintiff sought an order voiding a resolution adopted by the board at a regularly scheduled meeting. The resolution provided for an alternative benefit program for elected county officers. The board adopted the resolution under the agenda item referencing "New Business." Rice, 326 Ill. App. 3d at 1122. The plaintiff argued that the "New Business" agenda item should have specifically set forth that the board would take action on the alternative benefit program. The trial court agreed and granted the plaintiff summary judgment. Rice, 326 Ill. App. 3d at 1122.

On appeal, the defendants argued that, pursuant to section 2.02(a) of the Open Meetings Act, "the consideration of" an item not specifically set forth in the agenda references an opportunity for action by the public body. Under section 2.02(a), the requirement of a regular meeting agenda "shall not preclude the consideration of items not specifically set forth in the agenda." (Emphasis added.) 5 ILCS 120/2.02(a) (West 2008).

In interpreting section 2.02(a) regarding regular meetings, the appellate court found that "the consideration of" items not specifically set forth in the agenda is in the nature of deliberation and discussion and not actions taken and that the item "New Business" did not provide the public sufficient advance notice of the action to be taken on the resolution. Rice, 326 Ill. App. 3d at 1123. The court further noted a reference in the minutes of the meeting stating that "several years ago this was discussed," contrary to the board's assertion of "new" business.

We do not find Rice applicable here. First, Rice interpreted the portion of section 2.02(a) that applies to regular meetings. Here, we are concerned with an agenda for a special meeting. The portion of section 2.02(a) that applies to special meetings does not contain the phrase "consideration of," which was analyzed by the court in Rice. Second, because Rice involved the adoption of a resolution for a public benefit program, referenced in the agenda only under the general title of "New Business," the board's actions were inconsistent with what its agenda stated. Here, even if we were to apply the provision regarding regular meetings, the agenda clearly informed the public that a potential annexation was to be discussed and considered.

We find Argo High School Council of Local 571 v. Argo Community High School District 217, 163 Ill. App. 3d 578 (1987), more on point. In Argo, the court considered whether the items voted upon at a special meeting were germane to the agenda listed in the notice. The agenda was

stated as "review and discussion of salaries involving administrators, supervisors, and other personnel not covered by an agreement." Argo, 163 Ill. App. 3d at 581. The motions presented and adopted at the meeting, which the union urged were null and void, included (1) an extension of the superintendent's term, (2) a change in the appointment of department chairpersons from a permanent to a three-year rotational basis, and (3) the soliciting and receiving of applications for the position of Athletic Director for the 1986-1987 school year. Argo, 163 Ill. App. 3d at 581.

The Argo court interpreted the provision of the statute applying to special meetings, which provision contained language identical to that in the newer version of the statute applicable to this case. The court noted that the word "germane" is defined as "in close relationship, appropriate, relative, pertinent." Argo, 163 Ill. App. 3d at 582, quoting Black's Law Dictionary 618 (5th ed. 1979). The court further noted that courts had expanded the meaning of the word such that, where the title of an act is general, anything germane to the subject matter passes the constitutional prohibition against special legislation. Argo, 163 Ill. App. 3d at 582. In applying the expanded meaning of the word to the case, the court found that discussions of who could authorize salary increases (the rotation system), who would receive a salary, and the length of the superintendent's contract were "closely related" and "pertinent" to a discussion of salaries of personnel not covered by agreements. The court also found that the board took actions that were not specifically detailed but that were "closely related" or "germane" to the agenda listed in the notice, within the meaning of the Open Meetings Act. Argo, 163 Ill. App. 3d at 583.

Petitioners cite City of San Antonio as instructive with respect to their argument that the agenda must be specific enough to inform individuals that their private interests may be affected. The Texas law at issue in City of San Antonio was more stringent than ours, as it required notice of the

"subject" to be considered. Tex. Rev. Civ. Stat. Ann. art. 6252-17, §3A(a) (Vernon Supp. 1991).

The owner of land involved in the proceeding argued that notice of a city council meeting did not

comply with the requirements of the Texas Open Meetings Act because the notice did not describe

in sufficient detail the condemnation ordinance at issue, and, in particular the land to be condemned

by that ordinance. The owner contended that the notice did not give adequate information to enable

a reader to determine whether the city was planning to condemn her land and that therefore there was

a failure to fully disclose the subject matter of the meeting, as required by the Texas Open Meetings

Act. City of San Antonio, 820 S.W.2d at 764-65.

Even though the Texas law is more stringent than ours, the court nonetheless found the city's

notice sufficient. In doing so, the court made several key points applicable to the present case. The

court stated that the "Open Meetings Act is not a legislative scheme for service of process; it has no

due process implications." City of San Antonio, 820 S.W.2d at 765. In rejecting the claim, similar

to the one petitioners argue here, that the notice had to be specific enough to give individuals notice

that their private interests would be affected, the court stated:

> "[W]e need not go further and inquire into whether a notice was tailored to reach those
>
> specific individuals whose private interests are most likely to be affected by the proposed
>
> government action ***. The intended beneficiaries of the Act are not individual citizens, such
>
> as the particular landowners affected by this condemnation, but members of the interested
>
> public. If a 'reader' is given notice, the requirement of the Act is satisfied and its purpose
>
> served." City of San Antonio, 820 S.W.2d at 765.

Our Open Meetings Act does not require that an agenda be specifically detailed or that it be

tailored to reach those specific individuals whose private interests are most likely to be affected by

the actions of the public body. It requires only that the action taken at a special meeting be germane to the agenda listed in the notice. We do not find that anything more is required under the Open Meetings Act, and we will not depart from the plain language of the statute by reading into it exceptions, limitations, or conditions not expressed therein. See People ex rel. Devine v. $30,700.00 United States Currency, 199 Ill. 2d 142, 151 (2002). We conclude that the Board's action of annexing the Koutsky parcel was closely related or germane to the agenda listed in the notice and that the notice sufficiently informed the public, within the meaning of the Open Meetings Act.

### C. Sufficiency of the Meeting

We next examine petitioners' argument that the meeting, which was held at the Village Community Center, was inconvenient and inaccessible in violation of section 2.01 of the Open Meetings Act (5 ILCS 120/2.01 (West 2006)). Petitioners assert that the public was forced to leave the building during a closed session of the meeting and had to wait in the parking lot of the Community Center on a cold and blustery night until the Board reopened the meeting to the public at 1:15 a.m. for "[d]iscussion and consideration" of the annexation of the Koutsky parcel.

Section 2.01 requires that "[a]ll meetings required by this Act to be public shall be held at specified times and places which are convenient and open to the public." 5 ILCS 120/2.01 (West 2008). " 'Open' means 'not restricted to a particular group or category of participants.' " Gerwin v. Livingston County Board, 345 Ill. App. 3d 352, 358 (2003), quoting Merriam-Webster's Collegiate Dictionary 813 (10th ed. 1998). " 'Convenient' means 'suited to personal comfort or to easy performance' or 'affording accommodation or advantage.' " Gerwin, 345 Ill. App. 3d at 361, quoting Merriam-Webster's Collegiate Dictionary 253 (10th ed. 1998). Under the plain and ordinary meanings of the terms, section 2.01 requires a locale that is not only "open," but "convenient to the

public." Gerwin, 345 Ill. App. 3d at 359. Thus, an open meeting in an inconvenient place can violate the Open Meetings Act. Gerwin, 345 Ill. App. 3d at 359.

In Gerwin, the court held that citizens who were unable to attend the county board meeting for the expansion of a landfill, due to the small size of the meeting room, were entitled under the Open Meetings Act to bring an action against the board and the landfill operators, based on the allegation that the meeting was not in a convenient place. The citizens who filed the complaint alleged that the board knew the meeting room would be too small for the number of citizens who wanted to attend, that larger venues were available, and that the board chairman resolutely refused to hold the meeting in a larger venue, to make attendance by the public inconvenient. Gerwin, 345 Ill. App. 3d at 354-56. The citizens did not complain of being forbidden to participate in the meeting. Rather, they complained that the inconvenience of the location barred them from attending the meeting. The citizens could neither see nor hear the meeting. Gerwin, 345 Ill. App. 3d at 360.

Here, unlike in Gerwin, petitioners do not argue that the meeting room was inconveniently located or inaccessible such that the inconvenience essentially barred them from attending the meeting. Instead, petitioners contend that they were inconvenienced when they left the meeting during the closed session and had to wait until the "wee hours" of the morning to attend the open session. However, the legislature does not "specify how far a public agency must go in accommodating members of the public who wish to attend public meetings." Gerwin, 345 Ill. App. 3d at 361. Moreover, we will not interpret the statute so as to produce an absurd result. See Burger v. Lutheran General Hospital, 198 Ill. 2d 21, 59 (2001). It would be unreasonable to conceive that the legislature intended, as petitioners argue, that public bodies hold their open meetings only during good weather. Our legislature did not provide that a closed meeting should be held at a certain time

or that a public body is required to make adequate provision for the public when the meeting is lawfully closed, and, without some clear direction by the legislature, we will not read the Open Meetings Act in the manner urged by petitioners. We observe that the meeting began at a reasonable time, 7:10 p.m., but just ran late. Additionally, the public had notice that an annexation was going to be considered at the meeting and they had the opportunity to make arrangements to be there.

E. Exclusion of Evidence

We finally examine petitioners' contention regarding the trial court's exclusion of petitioners' evidence of various previous Board meeting agendas, which purportedly identified annexed property more specifically than the agenda at issue in this case. The trial court excluded those agendas from evidence on the ground that they were offered to show only motive. Petitioners argue that they sought to admit them to demonstrate customary practice and feasibility. We fail to see the relevance of agendas from previous, unrelated Village meetings. Whether the Village provided more specific agendas in the past does not mean that a less specific agenda violated the Open Meetings Act. What is relevant is whether the present agenda violated the Open Meetings Act. The Act does not require the Village to continue particular practices.

CONCLUSION

In sum, because we find that none of the actions complained of by petitioners violated the Open Meetings Act, as a matter of law, petitioners failed to present a prima facie case. Accordingly, we must affirm the trial court.

For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

ZENOFF, P.J., and BOWMAN, J., concur.