Sid **BURTON** et al., Appellants,

v.

W. L. **FERRILL** et al., Appellees.

No. 4831.

Court of Civil Appeals of Texas, Eastland

Nov. 28, 1975.

Richard D. Coan, Coan & Allen, Stephenville, for appellants.

B. Robert Baker, Saner, Jack, Sallinger & Nichols, Dallas, for appellees.

PER CURIAM.

The opinion and judgment dated October 24, 1975, is withdrawn and the following opinion substituted therefor.

Sid Burton, W. I. Lane, Mr. and Mrs. J. L. Craig, Mr. and Mrs. J. Z. Start, A. H. Kennedy, Mr. and Mrs. Thomas W. Wilhelm, Ben Wilhelm, Mr. and Mrs. J. M. Forman, James Biggs, Mr. and Mrs. Tom Wilson and Mr. and Mrs. Garland Collins sued W. L. Ferrill, County Attorney for Comanche County, Texas, Fred Hall, County Judge of Comanche County, and Claude Jones, County Commissioner of Precinct 1, Comanche County, Sam Phifer, County Commissioner of Precinct 2, Homer Miller, County Commissioner of Precinct 3 and Frank Seckinger, County Commissioner of Precinct 4 and Betty Conway, County Clerk and Ex-Officio Clerk of the Commissioners Court of Comanche County, each official was sued in his official capacity, and Dorman Hanks, Alda Arthur, Paul B. Hornberg, Dail Steele and George Stephens, Directors of the Comanche County Hospital District, contending an election held in Comanche County on August 3, 1974, for the purpose of creating the Comanche County Hospital District was null and void. The trial court held the election valid. Plaintiffs appeal.

The Comanche Hospital District was created by a special act of the Legislature with an effective date of May 25, 1973, and codified as Texas laws 1973, ch. 202, § 4(a), at 467. Section 4(a), provides:

"Sec. 4(a) On the effective date of this Act, the Commissioners Court of Comanche County shall appoint five persons to serve as temporary directors. Each temporary director shall subscribe the constitutional oath of office within 90 days of the effective date of this Act."

Plaintiffs contend the temporary directors were not appointed by the Commissioners Court on May 25, 1973, as required by the act; therefore, their appointment was invalid. They argue the court erred in finding Section 4a to be directory rather than mandatory. We disagree. The court in *Calvert v. Texas Pipe Line Company*, 517 S.W.2d 777 (Tex.1974), said:

"The fundamental and dominant rule controlling the construction of a statute is to ascertain if possible the intention of the Legislature expressed therein. Sec. 6, Article 10, Vernon's Ann. Revised Civil Statutes. In *Calvert v. British-American Oil Producing Co.*, 397 S.W.2d 839 (Tex. 1965), at 842 this Court said:

'Article 10, Vernon's Annotated Civil Statutes, provides general rules for construing all civil statutory enactments. The article provides that the provisions of statutes shall be liberally construed with a view to effect their

objects. The courts necessarily look diligently for the intention of the Legislature as the intention of the Legislature is the dominant consideration in construing a statute. See *State v. Dyer*, 145 Tex. 586, 200 S.W.2d 813 (1947); *McInery v. City of Galveston*, 58 Tex. 334 (1883); *City of Mason v. West Texas Utilities Co.*, 150 Tex. 18, 237 S.W.2d 273 (1951).' "

In *Southwestern Savings & Loan Association of Houston v. Falkner*, 160 Tex. 417, 331 S.W.2d 917 (1960), the court said:

"A statute should not be shorn of its effectiveness if its purpose can be achieved by a reasonable interpretation. *Huntsville Independent School Dist. v. McAdams*, 148 Tex. 120, 221 S.W.2d 546; *Haverbekken v. Hale*, 109 Tex. 106, 204 S.W. 1162."

Also in *Austin v. Collins*, 200 S.W.2d 666 (Tex.Civ.App.—Fort Worth 1947, writ ref. n. r. e.), the court said:

". . . A construction of a legislative act should not be given that would render the act absurd or even meaningless, when a rational, expressive and wholesome meaning may be ascertained from the language used. *Texas & Pacific Railway Co. v. Taylor*, 54 Tex.Civ.App. 419, 118 S.W. 1097, affirmed by Supreme Court, 103 Tex. 367, 126 S.W. 1117."

■ We hold Section 4a requires the Commissioners Court to appoint five persons to serve as temporary directors, but such appointments need not be made on May 25, 1973, the day the act becomes effective. This gives reasonable effect to the obvious legislative intent. As stated in *Chisholm v. Bewley Mills*, 287 S.W.2d 943 (Tex.1956):

"There is no absolute test by which it may be determined whether a statutory provision is mandatory or directory. The fundamental rule is to ascertain and give effect to the legislative intent. Although the word 'shall' is generally construed to be mandatory, it may be and frequently is held to be merely directory. In determining whether the Legislature intended the particular provision to be mandatory or merely directory, consideration should be given to the entire act, its nature and object, and the consequences that would follow from each construction. Provisions which are not of the essence of the thing to be done, but which are included for the purpose of promoting the proper, orderly and prompt conduct of business, are not generally regarded as mandatory. If the statute directs, authorizes or commands an act to be done within a certain time, the absence of words restraining the doing thereof afterwards or stating the consequences of failure to act within the time specified, may be considered as a circumstance tending to support a directory construction. See *Thomas v. Groebl*, 147 Tex. 70, 212 S.W.2d 625; *Markowsky v. Newman*, 134 Tex. 440, 136 S.W.2d 808; Sutherland, Statutory Construction, 3rd Ed. 1943, Vol. 3, p. 95, Sec. 5813 et seq.; 82 C.J.S., Statutes, § 376 et seq., p. 869."

■ Plaintiffs challenge the trial court's findings (1) the notices posted by the temporary board of directors of the hospital district substantially complied with the notice provisions of the Texas Open Meeting Law, Vernon's Ann.Civ.Stat., Art. 6252–17, and (2) substantial compliance is all that is required under the open meeting law.

The notice provisions of Article 6252–17, provides in part:

"Sec. 3A. (a) Written notice of the date, hour, place, and subject of each meeting held by a governmental body shall be given before the meeting as prescribed by this section."

.    .    .    .    .

(g) The governing body of a water district, other district, or other political subdivision, except a district or political subdivision described in Subsection (f) of this section, shall have a notice posted at a place convenient to the public in its administrative office, and shall also furnish the notice to the county clerk or clerks of

the county or counties in which the district or political subdivision is located. The county clerk shall then post the notice on a bulletin board located at a place convenient to the public in the county courthouse.

(h) Notice of a meeting must be posted for at least 72 hours preceding the day of the meeting, except that in case of emergency or urgent public necessity, which shall be expressed in the notice, it shall be sufficient if notice is posted two hours before the meeting is convened. In the event of an emergency meeting, the presiding officer or the member calling such meeting shall, if request therefor containing all pertinent information has previously been filed at the headquarters of the governmental body, give notice by telephone or telegraph to any news media requesting such notice and consenting to pay any and all expenses incurred by the governmental body in providing such special notice. The notice provisions for legislative committee meetings shall be as provided by the rules of the house and senate."

Notice was posted on June 25, 1974, for a meeting to be held at 9:30 A. M., on June 29, 1974. The notice stated:

"The purpose of this meeting will be: (1) organizational procedures in order calling confirmation and tax election."

Plaintiffs contend the notice failed to sufficiently state the subject of the meeting. The court in *Lipscomb Inc. School Dist. v. County School Trustees*, 498 S.W.2d 364 (Tex.Civ.App.—Amarillo 1973, writ ref. n. r. e.), stated:

"The terms of Art. 6252–17 are mandatory so as to require at least substantial compliance with its provisions in order to uphold proceedings to which the statute is applicable. *Toyah Ind. Sch. Dist. v. Pecos-Barstow Ind. Sch. Dist.*, supra [Tex. Civ.App., 466 S.W.2d 377]; *Hall v. Thomas*, 474 S.W.2d 276 (Tex.Civ.App.—Texarkana 1971, writ dism'd)."

The Texas Supreme Court in upholding the sufficiency of a posted notice stated in *Lower Colorado Riv. Auth. v. City of San Marcos*, 523 S.W.2d 641 (Tex.1975):

"The notice of the 1973 meeting is not as clear as it might be, but it would alert a reader to the fact that some action would be considered with respect to charges for electric power sold in San Marcos. In our opinion the notice was sufficient to comply with the statute."

In our opinion the June 25, 1974 posted notice would alert persons that action would be considered with respect to calling an election and substantially complies with the statute.

Plaintiffs next argue certain exhibits produced by defendants at trial were improperly admitted into evidence because the exhibits as public records of the hospital district were not properly maintained at an administrative office in Comanche County.

Article 6252–17a, declares:

"Section 1. Pursuant to the fundamental philosophy of the American constitutional form of representative government which holds to the principle that government is the servant of the people, and not the master of them, it is hereby declared to be the public policy of the State of Texas that all persons are, unless otherwise expressly provided by law, at all times entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and employees."

Section 4, in part states:

"Section 4. On application for public information to the custodian of information in a governmental body by any person, the custodian shall promptly produce such information for inspection or duplication, or both, in the offices of the governmental body."

Section 14(d) announces:

"(d) This Act shall be liberally construed *in favor of the granting of any*

*request for information."* (Emphasis added)

It is well established in this state that the proper rule of construction of statutes is to ascertain and give effect to the intention of the Legislature. Article 6252–17a is intended to afford the public an opportunity to secure and study records regarding affairs of government. Noncompliance with Article 6252–17a does not render otherwise admissible records inadmissible.

We have considered and overrule all points of error. The judgment is affirmed.