

# KEN PAXTON

ATTORNEY GENERAL OF TEXAS

July 13, 2016

The Honorable Ana Markowski Smith
Val Verde County Attorney
207 East Losoya Street
Del Rio, Texas 78840

Opinion No. KP-0102

Re: Whether a school district board of trustees may fill a vacancy through a special election on a uniform election date more than 180 days from the onset of the vacancy (RQ-0091-KP)

Dear Ms. Smith:

You ask whether an independent school district board of trustees may fill a vacancy through a special election on a uniform election date more than 180 days from the onset of the vacancy.[1] You state that a member of the board of trustees of the San Felipe Del Rio Consolidated Independent School District (the "District") retired on October 14, 2015, creating a vacancy in a term that does not expire until May 2018. Request Letter at 1. Section 11.060 of the Education Code provides:

> (a) If a vacancy occurs on the board of trustees of an independent school district, the remaining trustees may fill the vacancy by appointment until the next trustee election.
>
> . . . .
>
> (c) Instead of filling a vacancy by appointment under Subsection (a) . . ., the board or municipal governing body may order a special election to fill the vacancy. A special election is conducted in the same manner as the district's general election except as provided by the Election Code.
>
> (d) If more than one year remains in the term of the position vacated, the vacancy shall be filled under this section not later than the 180th day after the date the vacancy occurs.

---

[1]Letter from Honorable Ana Markowski Smith, Val Verde Cty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Jan. 20, 2016), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

TEX. EDUC. CODE § 11.060. Thus, the statute authorizes appointment and special election as alternative methods of filling a vacancy. *Id.* § 11.060(a), (c). Here, because the trustee resigned with more than a year remaining in his term, subsection (d) creates a period for filling the vacancy of 180 days from October 14, 2015, or until April 11, 2016. *Id.* § 11.060(d); *see* Request Letter at 1.[2]

Subsection 11.060(c) recognizes that there may be exceptions in the Election Code pertaining to the district's conducting a special election. *See* TEX. EDUC. CODE § 11.060(c). The Election Code "applies to all general, special, and primary elections held in this state" and "supersedes a conflicting statute outside" of the Election Code unless a statute expressly provides otherwise. TEX. ELEC. CODE § 1.002(a), (b). Subsection 41.001(a) of the Election Code designates uniform election dates:

> (1) the first Saturday in May in an odd-numbered year;
>
> (2) the first Saturday in May in an even-numbered year, for an election held by a political subdivision other than a county; or
>
> (3) the first Tuesday after the first Monday in November.

*Id.* § 41.001(a). "[E]ach general or special election in this state" must be held on one of these dates "[e]xcept as otherwise provided" by chapter 41, subchapter A of the Election Code. *Id.* After the trustee's resignation in October 2015, the next two uniform election dates were November 3, 2015, and May 7, 2016. *Id.*; Request Letter at 2–3. The November 3 date, however, would not have allowed enough time after the resignation to issue an order sufficiently in advance of the election as required by subsection 201.052(a) of the Election Code. TEX. ELEC. CODE § 201.052(a) (generally requiring a special election to fill a vacancy to "be held on the first authorized uniform election date occurring on or after the 46th day after the date the election is ordered"). A special election ordered earlier than 46 days before the May 7 uniform election date would comport with subsection 201.052(a) of the Election Code. *Id.*[3] But an election on May 7 would not have filled the vacancy on the Board within 180 days of the onset of the vacancy as specified by subsection 11.060(d) of the Education Code. *See* TEX. EDUC. CODE § 11.060(d); Request Letter at 1.

---

[2]Subsection 11.060(d) states that the vacancy "shall" be filled within the 180-day period. TEX. EDUC. CODE § 11.060(d). While the word "shall" is generally construed as mandatory, it is sometimes held to be directory, particularly when a statute sets a time for taking some action but does not restrict or provide consequences for taking the action at a different time. *Lewis v. Jacksonville Bldg. & Loan Ass'n*, 540 S.W.2d 307, 310 (Tex. 1976); *see also Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 495 (Tex. 2001) ("If a provision requires that an act be performed within a certain time without any words restraining the act's performance after that time, the timing provision is usually directory."); *Burton v. Ferrill*, 531 S.W.2d 197, 198–99 (Tex. Civ. App.—Eastland 1975, writ dism'd) (determining that a statute providing that temporary directors "shall" be appointed on a certain date was directory with respect to the date of appointment).

[3]The Board's February 15, 2016 order to hold a special election on May 7, 2016 to fill Place 1 on the board is posted on the District's website. *See* http://www.sfdr-cisd.org/sites/default/files/Order%20of%20Election %20For%20Other%20Political%20Subdivisions%20Place% 20I.pdf.

Subsection 41.004(a) of the Election Code addresses potential difficulties with conducting a special election within a particular statutory period:

> (a) If a law outside this code . . . requires a special election subject to Section 41.001(a) to be held within a particular period after the occurrence of a certain event, the election shall be held on an authorized uniform election date occurring within the period unless no uniform election date within the period affords enough time to hold the election in the manner required by law. In that case, the election shall be held on the first authorized uniform election date occurring after the expiration of the period.

TEX. ELEC. CODE § 41.004(a). Subsection 11.060(d) of the Education Code is a law outside of the Election Code that "requires a special election . . . to be held within a particular period after the occurrence of a certain event," that is, within 180 days from the occurrence of a vacancy on a board of trustees. *Id.*; *see* TEX. EDUC. CODE § 11.060(d). As discussed above, "no uniform election date within the [180-day] period affords enough time to hold the election in the manner required by law." TEX. ELEC. CODE § 41.004(a). Therefore, subsection 41.004(a) of the Election Code authorizes a special election to fill the vacancy on the Board "on the first authorized uniform election date occurring after the expiration of the [180-day] period," which was May 7, 2016. *Id.*[4]

---

[4] A brief submitted by the Office of the Texas Secretary of State states that "it is this Office's position that Section 41.004 of the Texas Election Code supersedes [section 11.060(d)] of the Education Code to the extent of any conflict, and it is permissible for [the District] to hold its special election on May 7, 2016." Letter from Ms. Lindsey Wolf, Gen. Counsel, Office of the Tex. Sec'y of State, to Honorable Ken Paxton, Tex. Att'y Gen. at 4 (Feb. 24, 2016). The brief also discusses other election issues, but because the issues are beyond the scope of your question, we do not address them in this opinion.

## S U M M A R Y

Subsection 11.060 of the Education Code authorizes a board of trustees of an independent school district to fill a vacancy within 180 days of the occurrence of the vacancy by special election. If no uniform election date falls during the 180-day period that would afford enough time to hold a special election in the manner required by law, subsection 41.004(a) of the Election Code authorizes the board to hold the special election on the first authorized uniform election date following the 180-day period.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee